IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ENRON NIGERIA POWER HOLDING, LTD., Petitioner | § § § § | |
| v. | § § § | Civil Action No. _____ |
| FEDERAL REPUBLIC OF NIGERIA, Respondent | § § § § | |

**PETITION TO CONFIRM ARBITRAL AWARD AND ENFORCE JUDGMENT OF ENRON NIGERIA POWER HOLDING LTD**

Petitioner, ENRON NIGERIA POWER HOLDING, LTD. ("ENPH") requests the Court's confirmation of an international arbitration award and enforcement of the resulting judgment against Respondent the FEDERAL REPUBLIC OF NIGERIA ("Nigeria" or "Respondent").

*Summary of Petition*

1. Pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-13, ENPH files this petition to confirm an arbitration award arising under the laws and treaties of the United States of America, specifically, the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 38, reprinted in 9 U.S.C. § 201 ("the New York Convention"), and to enter a judgment in conformity with the arbitration award. The New York Convention applies to these

1

proceedings because, in this case, none of the parties that contracted for an arbitration proceeding are United States citizens, 9 U.S.C. § 202, and both the United States and the Federal Republic of Nigeria[1] have approved and ratified the New York Convention.

*Parties, Jurisdiction and Venue*

2. ENPH is a limited liability company incorporated in the Cayman Islands with its registered office in the Cayman Islands, at Clifton House, 75 North Street, George Town, Grand Cayman, and Cayman Islands with its principal place of business in Houston, Texas. It was established in 1999 for the special purpose of constructing and operating electricity generation facilities in Lagos State, Nigeria under the terms of the Power Purchase Agreement for Electricity Generating Facilities in Lagos, Nigeria (the "PPA") by and among ENPH, Lagos State Government, Nigeria, the National Electric Power Authority of Nigeria ("NEPA")[2] and Nigeria dated 6 December 1999. A true and correct copy of the PPA is attached as *Exhibit A*.

---

[1] Nigeria ratified the Convention on 17 March 1970. The treaty went into force in Nigeria on June 15, 1970. "Status 1958 - Convention on the Recognition and Enforcement of Foreign Arbitral Awards", http://www.uncitral.org/uncitral/en/uncitral_texts/arbitration/NYConvention_status.html

[2] Power Holding Company of Nigeria, PLC ("PHCN") is the successor in title to NEPA. *See* the Final Award of the ICC, International Court of Arbitration, p. 4, ¶10, a true and correct copy of which is attached as *Exhibit B*) ("Final Award").

4. Nigeria is a sovereign nation that engages in commercial business within the United States of America. Pursuant to the terms of the PPA, Nigeria may be served process by serving the Honorable Minister, Ministry of Power and Steel, Federal Government Secretariat, Annex 3, Shehu Shagari Way, Maitama, Abuja, Federal Republic of Nigeria. (See Ex. A , Clause 22, p.61)

5. The subject of these proceedings for confirmation the Final Award, a true and correct copy of which is attached here as *Exhibit B*. Under the terms of the PPA, the parties agreed to submit disputes between and among themselves to arbitration.[3] The arbitration award for which ENPH seeks enforcement arose from the breach of the PPA. Pursuant to PPA Clauses 23.3.5 (a) and (c), "[a]ny determination or award rendered in an arbitration conducted " under the terms of the PPA, "shall be final and binding on all Parties ... [and] may be entered as a judgment by any court of competent jurisdiction."

6. This Court has subject matter jurisdiction over these proceedings under 28 U.S.C. §§ 1330(a) and 1331, and the New York Convention. 9 U.S.C. § 203.

7. The Court has personal jurisdiction over Nigeria under 28 U.S.C. §1330(b). "To the extent that it ... [Nigeria] may in any jurisdiction claim for

---

[3] Ex. A, Clause 23.1 -23.3, pp. 62-63.

itself or its assets or revenues immunity from suit, execution, attachment ... or other legal processes and to the extent that in any such jurisdiction there may be attributed to it or its assets or revenues such immunity ... it shall not claim and it irrevocably waives, such immunity to the full extent permitted by the laws of such jurisdiction".[4] The immunity waiver covers personal jurisdiction over Nigeria under 28 U.S.C. § 1605(a)(1).  Nigeria further waived its immunity from suit, under 28 U.S.C. § 1605(a)(6)(B), to enforce this arbitral award as the award "is or may be governed by a treaty or other international agreement in force for the United States calling for the recognition and enforcement of arbitral awards." As Nigeria does business in the United States and engages in commercial activity that causes a direct effect within the United States, the Court has personal jurisdiction under 28 U.S.C. § 1605(a)(2).

8.   Venue is proper in the District Court for the District of Columbia pursuant to 28 U.S.C. § 1391(f)(4) because ENPH has initiated this action against a foreign state.

*Underlying Facts and Arbitration Proceedings*

9.   This dispute pertains to the PPA, the terms of which are binding on its parties. Under the terms of the PPA, ENPH was to design,

---

[4] Ex. A, Clause 25.2, p.65. The Parties did not designate any Court or nation as having exclusive jurisdiction of the enforcement of an arbitral award or determination.

4

build, arrange financing for and run electricity-generating plants and natural gas pipelines around and within Lagos in exchange for compensation. PHCN and Nigeria suspended the project shortly after the execution of the PPA.

10. In accordance with the PPA[5], the parties submitted their unresolved dispute as to the decisions of Nigeria and PHCN to stay and then not proceed with the PPA to the ICC International Court of Arbitration on June 13, 2006. On December 9, 2008, the Tribunal entered a Partial Final Award on Liability dismissing claims against Lagos, rejecting Petitioner's claims for expropriation against Nigeria. ( Ex. B, p.2, ¶2) The panel found that PNCH had Nigeria had breached specific clauses within the PPA. (Ex. B, p.2, ¶2)

11. Nigeria received proper notice of the appointment of the arbitrators, and agreed to their appointment. It was fully able to and in fact did present its case to the arbitral tribunal. (Ex. B, pp.4-5, ¶13); *see* New York Convention, Art. V (1)(b).

12. The composition of the arbitral authority and the arbitral procedures were in accord with the dispute resolution clauses of the PPA, including Clause 23, and the laws of Nigeria. *See* New York Convention, Art. V (1)(d).

---

[5] Ex. A, Clauses 23.2 – 23.3.1, pp.62-63.

13. On February 28, 2011, the tribunal issued a Partial Final Award on Remedies in which it determined that ENPH did not have the right to exercise a buyout within the PPA, and determined that ENPH was entitled to recover expectation or reliance damages against Nigeria and PHCN as a consequence of their breaches of the PPA. ( Ex. B, p.2, ¶3)

14. On November 19, 2012, the Tribunal issued the Final Award. It concluded and declared the following: PHCN and Nigeria shall pay ENPH damages in the amount of US$ 11,220,000 plus simple interest of 2% above US prime rate from the date of the commencement of the arbitration, 13 June 2006, to the date of payment; ENPH shall pay Lagos GB£ 415,355 and US$ 90,000 in respect of its legal costs and expenses; and Respondents shall pay ENPH GB£ 718,147 and US$ 870,000 in respect of its legal costs and expenses. The Tribunal dismissed all other claims.[6]

15. The Final Award does not fall outside the terms of the submission arbitration nor does it contain decisions on matters beyond the scope of the submission to arbitration. *See* New York Convention, Art. V(1)(c).

16. Under Section 23.3.5 (a) of the PPA, the award is "final and binding on all Parties". Furthermore "[a]ny costs, fees, or taxes incident to enforcing the award shall be charged against the Party resisting

---

[6] Ex. B, p.54, ¶175(d).

6

enforcement." The Parties "expressly waive[d]… "any right to challenge an award by the arbitrators anywhere outside the place of arbitration", London, England.[7]

17.   Despite repeated requests, to date, neither Nigeria nor PHCN have complied with the Arbitration Award and both have failed to pay the sum awarded to ENPH.

18.   Neither Nigeria nor PHCN have sought to vacate, modify, or challenge the Arbitration Award.

19.   As ENPH applies for confirmation and enforcement within three years after the entry of the arbitral award, the New York Convention is applicable. 9 U.S.C. § 207.

20.   The parties to the PPA and its arbitration provisions have never been under any incapacity under the laws applicable to them. *See* New York Convention, Art. V(1)(a).

21.   The recognition or enforcement of the award is not contrary to the public policy of United States.  New York Convention Art. V(2)(b).

*Relief Requested*

22.   Pursuant to the New York Convention, the ENPH respectfully request an order confirming the Award. *See* 9 U.S.C. § 207.

---

[7] Ex. A, Clauses 23.3.5 and 23.3.2, p.63.

23. As there are no grounds for refusal or deferral of recognition or enforcement of the Award as set out in the New York Convention, the Award must be confirmed as a matter of course.

24. Additionally, upon the entry of the judgment request below, the ENPH seeks enforcement of the award pursuant to Article III of the New York Convention. Article III provides that each contracting state, including the United States, shall recognize arbitration awards as binding and enforceable and enforce them.

WHEREFORE, ENPH seeks an order (i) confirming the arbitration award against Nigeria, (ii) entering judgment in favor of ENPH against Nigeria for the sum of the sum of $11,220,000, plus interest from the entry of the Arbitration Award at the rate of 2% plus the U.S. prime rate from June 6, 2006 to the date of payment, (iii) entering judgment in favor of ENPH and against Respondents for GB£ 718,147 and US$ 870,000 for its legal costs and expenses incurred with respect to prosecuting its claims before the ICC International Court of Arbitration, (iv) awarding ENPH its attorneys' fees and costs in bringing this action to enforce the arbitration award, (v) ordering all writes and processes necessary for the enforcement of the judgment and (vi) providing ENPH with such other and further relief as the Court deems proper.

Respectfully submitted,

*/s/ Mark Gibson*

MARK GIBSON
16106 Morgan Run
Missouri City, Texas 77489
Phone: 713 301-9021
Fax: 281 261-6357
Email: MPCG2002@comcast.net
District of Columbia Circuit ID: 475341


OF COUNSEL:
KENNETH R. BARRETT
9111 Tooley
Houston, Texas 77031
Phone: 281 433-0837
Fax: 832 409-5941
Email: KennethRoyceBarrettLaw@yahoo.com
State Bar of Texas No 01812200

Dated: 25 June 2013