# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ENRON NIGERIA POWER HOLDING, LTD.,** <br>                 Petitioner, <br><br> v. <br><br> **FEDERAL REPUBLIC OF NIGERIA,** <br>                 Respondent. | Case No. 1: 1:13-cv-01106 (CRC) |

## OPINION AND ORDER

Before the Court is Respondent Federal Republic of Nigeria's Motion for Stay of Proceedings Pending Appeal. Upon consideration of the motion, and the oppositions and reply thereto, the Court will deny the motion.

### I.  Background

In 1999, Enron Nigeria Power Holding, Ltd. ("ENPH") entered into an agreement that was guaranteed by the Republic of Nigeria to supply three barge-mounted electricity generating units and later build a gas-fired power plant in the country. After the venture fizzled, ENPH and Nigeria submitted their dispute over compensation to the International Chamber of Commerce International Court of Arbitration pursuant to their written agreement. Pet. ¶ 10, Ex. A § 23. The arbitrators eventually awarded ENPH $11.2 million in damages and $870,000 in legal costs and expenses. Pet. Ex. B ¶ 175. After Nigeria refused to pay the award, ENPH initiated this action requesting that the Court order Nigeria to do so. Pet. ¶¶ 17, 22.

Nigeria moved to quash service and dismiss the Petition, arguing that ENPH failed to properly effectuate service under Federal Rule of Civil Procedure 4(j) and the relevant provision of the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1608. The Court agreed that service was deficient, but found that ENPH had shown good cause for its failure as required under Federal

Rule of Civil Procedure 4(m) and granted ENPH 120 additional days to effect service by alternative means. Without permission from the Court, Nigeria appealed this interlocutory order to the D.C. Circuit. Nigeria argues it did not require permission because the Court in effect rendered a final judgment by noting in its Memorandum and Order that Nigeria "appear[ed] to be using this action to re-litigate and delay the payment of claims already resolved by the agreed upon arbitration procedure." Nigeria's Mot. for Stay at 8–9. Nigeria now seeks a stay of these proceedings pending the outcome of its appeal.

**II.     Standard of Review**

"A stay is . . . an exercise of judicial discretion." Virginian Ry. Co. v. United States, 272 U.S. 658, 672, (1926) (internal citation omitted). The movant bears the burden of proving that a stay is warranted. Nken v. Holder, 556 U.S. 418, 433–34 (2009). Decisions whether to grant a stay are governed by four factors: "'(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" Id. at 434 (quoting Hilton v. Braunskill, 481 U.S. 770, 776 (1987)). "The first two factors . . . are the most critical." Id.

**III.    Analysis**

The U.S. Code clearly explains when a party can appeal an interlocutory order:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however*, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C.A. § 1292(b). In this case, the Court explicitly reserved judgment on the merits of Nigeria's motion to dismiss. Order Granting in Part and Denying in Part Nigeria's Mot. to Quash Service and Dismiss Pet. at 1, July 25, 2014. The Court never stated in writing "that an immediate appeal from the order may materially advance the ultimate termination of the litigation," and neither party asked the Court to do so. 28 U.S.C.A. § 1292(b). Nigeria alleges that the Court's reasoning that Nigeria would not be prejudiced because it "appear[ed] to be using this action to re-litigate and delay the payment of claims already resolved by the agreed upon arbitration procedure" automatically converted the decision into a final, appealable order. Nigeria's Mot. for Stay at 8–9; Nigeria's Reply 1–2. Nigeria cites a single case, Gillespie v. United States Steel Corporation, 379 U.S. 148, 152 (1964), to support this contention. Gillespie discussed "marginal cases" where determining "whether a ruling is 'final'. . . is . . . so close a question that decision of that issue either way can be supported with equally forceful arguments." Gillespie v. United States Steel Corp., 379 U.S. 148, 152 (1964). No close question exists here. The Court explicitly reserved judgment on the merits pending ENPH effecting proper service, making it clear that its order was not a final ruling. Order Granting in Part and Denying in Part Nigeria's Mot. to Quash Service and Dismiss Pet. at 1, July 25, 2014. Under Nigeria's reasoning, any expression by a court whether one party or another would be prejudiced would automatically convert an order into a final, appealable judgment. This is obviously inconsistent with courts' obligation to consider prejudice as a factor under a wide variety of legal standards that arise at various points in litigation. Consequently, as ENPH notes, Nigeria cannot succeed on the merits of its appeal because the District of Columbia Circuit does not have jurisdiction over it. ENPH's Opp'n to Nigeria's Mot. for Stay at 9.

Nigeria also argues that it will suffer irreparable harm absent a stay because it has not been properly served and thus the Court has not established personal jurisdiction over it. Nigeria's Mot. for Stay at 9–10. But the Court's interlocutory order addresses precisely this alleged injury.

Consistent with the Federal Rules and relevant precedent, the Court did not reach the merits of the matter and extended the deadline for ENPH to serve Nigeria properly.  See Fed. R. Civ. P. 4(m); Mann v. Castiel, 729 F. Supp. 2d 191, 198 (D.D.C. 2010), aff'd, 681 F.3d 368 (D.C. Cir. 2012).  Awaiting proper service for four months—during which nothing is required of or will happen to Nigeria—in a dispute that is over a decade old is hardly the type of "certain and great" injury that constitutes irreparable harm.  Wisconsin Gas Co. v. F.E.R.C., 758 F.2d 669, 674 (D.C. Cir. 1985).

In short, Nigeria has failed to demonstrate the two "most critical" factors in determining whether to grant a stay.  Nken, 556 U.S. at 434.  The Court will deny its motion.

### IV. Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that Nigeria's Motion for Stay of Proceedings Pending Appeal [ECF No. 27] is DENIED.

**SO ORDERED.**

> CHRISTOPHER R. COOPER
> United States District Judge

Date:   October 2, 2014