UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ENRON NIGERIA POWER HOLDING, LTD., <br><br> Petitioner, <br><br> v. <br><br> FEDERAL REPUBLIC OF NIGERIA, <br><br> Respondent. | Case No. 1:13-cv-01106 (CRC) |

**OPINION AND ORDER**

In 1999, Enron Nigeria Power Holding, Ltd. ("ENPH") entered into a Power Purchase Agreement ("PPA") with the Federal Republic of Nigeria's electric-power authority. Nigeria executed the agreement as a guarantor. When the venture fizzled, the parties submitted their dispute over compensation to the International Chamber of Commerce International Court of Arbitration, as required by the PPA. On November 19, 2012, the arbitrators awarded ENPH $11,200,000 in damages, $870,000 in legal costs and expenses, and simple interest of 2% above the U.S. prime rate from the date of the arbitration's commencement (June 13, 2006) to the date of payment. Petition to Confirm Arbitral Award, Ex. B ("Final Award") ¶ 175 [ECF No. 6]. After Nigeria refused to pay, ENPH timely filed a petition seeking confirmation of the award under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958 ("the New York Convention"), 21 U.S.T. 2517, of which Nigeria is a signatory. An implementing statute—9 U.S.C. § 201—authorizes federal courts to enforce arbitral awards under the New York Convention.

Nigeria moved to quash service and dismiss the petition. The Court granted the motion to quash but permitted ENPH to attempt to effect service by alternative means under the

appropriate service provision of the Foreign Sovereign Immunities Act. ENPH properly served Nigeria on October 28, 2014, and the Court denied Nigeria's motion to dismiss in its Memorandum Opinion of August 6, 2015, holding that Nigeria had explicitly waived its right to sovereign immunity in the PPA and failed to meet the demanding standard required to deny enforcement of a foreign arbitral award on public-policy grounds. One week later, ENPH moved for an order confirming the November 2012 arbitral award. Nigeria has not responded to this motion.

The PPA provided that disputes between the parties "shall be finally settled by arbitration as provided" elsewhere in the PPA. Petition to Confirm Arbitral Award, Ex. A ¶ 23.3. The parties further agreed that any such arbitral award "(a) shall be binding on all Parties; (b) shall be implemented in accordance with its terms; [and] (c) may be entered as a judg[]ment by any court of competent jurisdiction." Id. ¶ 23.3.5. And they "expressly waive[d], to the fullest extent permitted by applicable law, any right to challenge an award by the arbitrators anywhere outside the place of arbitration." Id.

The Court will—as it must—confirm the November 2012 arbitral award under the authority of 9 U.S.C. § 207, which provides for confirmation of foreign arbitral awards under the New York Convention. Under § 207, "any party to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming the award as against any other party to the arbitration." Id. When so petitioned, "[t]he court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." Id. Courts may not independently search for reasons to deny a foreign arbitral award: Under the New York Convention, "[r]ecognition and enforcement of the award may be refused, at the request of the party against whom it is invoked, *only if* that party furnishes

to the competent authority where the recognition and enforcement is sought, proof that" one of several conditions obtains (emphasis added). 21 U.S.T. 2517, art. V. The Court rejected Nigeria's sole effort to do just this in its Memorandum Opinion of August 6, 2015; Nigeria has offered no other justification for refusing to enforce the November 2012 arbitral award. The Court will accordingly confirm the award, just as the PPA contemplated and as federal law requires.

Nigeria must therefore pay ENPH the following amounts: (1) $11,220,000 in damages, plus (2) simple interest on this amount of 2% above the U.S. prime rate from June 13, 2006 until the date of payment, and (3) $870,000 in respect of ENPH's legal costs and expenses. Petition to Confirm Arbitral Award, Ex. B ("Final Award") ¶ 175. The Court takes judicial notice of the prime rates in effect from June 2006 to the present, in accordance with Rule 201 of the Federal Rules of Evidence. See Money Rates: Market Data Center, Wall St. J., http://online.wsj.com/mdc/public/page/2_3020-moneyrate.html (last visited Oct. 16, 2015); Stein v. J.P. Morgan Chase Bank, 279 F. Supp. 2d 286, 290 (S.D.N.Y. 2003) ("The Court takes judicial notice of the prime rates published in the Wall Street Journal for the dates in question."). Adding 2% to the prime rates in effect during the relevant period yields the following interest rates:

| Period | Rate |
|---|---|
| June 13 – 28, 2006 | 10.00 |
| June 29, 2006 – September 17, 2007 | 10.25 |
| September 18, 2007 – October 30, 2007 | 9.75 |
| October 31, 2007 – December 10, 2007 | 9.50 |
| December 11, 2007 – January 21, 2008 | 9.25 |
| January 22, 2008 – January 29, 2008 | 8.50 |

| | |
|---|---|
| January 30, 2008 – March 17, 2008 | 8.00 |
| March 18, 2008 – April 29, 2008 | 7.25 |
| April 30, 2008 – October 7, 2008 | 7.00 |
| October 8, 2008 – October 28, 2008 | 6.50 |
| October 29, 2008 – December 15, 2008 | 6.00 |
| December 16, 2008 – Present | 5.25 |

The parties are directed to submit a proposed judgment, stipulated as to form (including the precise amount of the award) and consistent with this Order, by October 23, 2015.  The PPA also provides that "[a]ny costs, fees, or taxes incident to enforcing the award shall be charged against the Party resisting enforcement."  Petition to Confirm Arbitral Award, Ex. A ¶ 23.3.5.  ENPH may therefore separately move, under Rule 54(d) of the Federal Rules of Civil Procedure, for attorney's fees and related expenses incurred due to its petition to confirm the arbitral award.

For the foregoing reasons, it is hereby

**ORDERED** that [39] Petitioner's Motion for Order to Confirm Arbitration Award is GRANTED.

**SO ORDERED.**

_____
CHRISTOPHER R. COOPER
United States District Judge

Date:   October 16, 2015

4