**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ENRON NIGERIA POWER HOLDING, LTD.**,           Plaintiff, <br><br>v. <br><br>**FEDERAL REPUBLIC OF NIGERIA**,           Defendant. | Case No. 1:13-cv-1106 (CRC) |

## MEMORANDUM OPINION AND ORDER

Petitioner Enron Nigeria Power Holding, Inc. ("ENPH") previously moved for an award of attorney's fees and costs incurred to enforce an International Chamber of Commerce arbitral award against the Republic of Nigeria. Pl.'s Mot. for Att'y Fees and Nontaxable Expenses.[1] The Court denied ENPH's initial motion because it had not adequately supported its fee request. Specifically, the Court found that the billing rates that ENPH proposed for its Houston-based counsel were based on estimates of Washington, D.C.-area rates and this case has no particular connection to Washington, D.C. Opinion & Order (filed Aug. 18, 2017) (ECF No. 63). ENPH has now renewed its fee motions.

As the moving party, ENPH "bears the burden of establishing entitlement to an award, documenting the appropriate hours, and justifying the reasonableness of the rates" charged. Eley v. District of Columbia, 793 F.3d 97, 100 (D.C. Ci. 2015) (citation omitted). The Court finds that ENPH has established that it is entitled to an award under the contract that gave rise to the

---

[1] For further background on the underlying dispute, see the Court's previous ruling at Enron Nigeria Power Holding, Ltd. v. Federal Republic of Nigeria, 234 F. Supp. 3d 251 (D.D.C. 2015), aff'd, 844 F.3d 281 (D.C. Cir. 2016).

underlying dispute, which specified that "[a]ny costs, fees, or taxes incident to enforcing" an arbitral award "shall be charged against the party resisting enforcement," Pl.'s Mem. of Law in Supp. of Mot. for Att'y Fees and Nontaxable Expenses at 6. See, e.g., N.Y. City Dist. Council of Carpenters Pension Fund v. Dafna Cons. Co., 438 F. Supp. 2d 238, 242 (S.D.N.Y. 2006). Additionally, Federal Rule of Civil Procedure 54(d) authorizes the Court to award fees to a prevailing party.

As for justifying the reasonableness of the rates, this time ENPH is armed with affidavits from two Houston-based practitioners estimating the prevailing rates for relevant commercial litigation services in that market. Pl.'s Second Mot. for Atty's Fees and Costs Exs. A ("Stern Decl.") & B ("Hoffer Decl."). Nigeria does not challenge the estimates in the affidavits. The Court concludes that these two affidavits are sufficient evidence from which to determine a prevailing market rate for experienced commercial litigators in Houston. After reviewing the affidavits, the Court believes that the affidavit from Stewart Hoffer is more appropriate to base a rate on, since Mr. Hoffer has previously provided expert testimony on fees, bases his estimate on a reliable methodology (court established criteria and a *Texas Lawyer* survey), and provides analysis that applies to commercial litigators generally as opposed to those who practice at large, national law firms. See generally Hoffer Decl.

In addition, ENPH's counsel, Kenneth Barrett, has established that he has the requisite educational and practice experience to command market rates. See Pl.'s Mem. Law Support Mot. for Att'y Fees Ex. A ("Barrett Decl.") ¶¶ 5–15. Nigeria's argument to the contrary is unpersuasive. There is no indication that specialized experience in the enforcement of international arbitration awards was required to handle the matter competently, as evidenced by Mr. Barrett's success in this case. Finally, the concerns raised in the Court's earlier fees ruling

have been satisfied: ENPH has sworn that the initial flat rate it agreed to pay Mr. Barrett was renegotiated, that Mr. Barrett submitted invoices, and that ENPH is obligated to pay them. Pl.'s Second Mot. for Atty's Fees and Costs Ex H (Keith Sparks Decl.). Nigeria has not challenged the declaration.

To conclude, the Court will apply a $650/hour rate for legal work—as Mr. Hoffer attests is a reasonable hourly rate for complex commercial litigation in the Houston market—and a $150/hour rate for paralegal services, which the Court finds is reasonable. The Court has also examined Mr. Barrett's billing records and finds them to be adequate. The time entries appear reasonable given the extensive litigation that was required to overcome Nigeria's dogged efforts to resist paying the award. And Mr. Barrett's reconstruction of contemporaneous billing records that were purported lost is not a bar to recovering fees. See Westfahl v. District of Columbia, 183 F. Supp. 3d 91, 97 (D.D.C. 2016) (granting attorney's fees based on after-the-fact estimates of time spent). Nor is Nigeria's complaint that certain entries are "blocked billed." Having examined the particular entries and mindful of the practicalities of legal billing, the Court finds that the disputed entries do not impair its ability to determine their reasonableness.

ENPH also seeks $4,025.69 in costs as well as attorney's fees. See Pl.'s Mot. for Att'y Fees and Nontaxable Expenses at 2. This represents $2,650 in travel and transportation for Mr. Barrett's two trips to Washington, D.C. related to this case; $44.95 in postage and delivery charges; $641.92 for copies and service of appellate briefs; $400 in filing feels; and $228.82 for Lexis/PACER charges. See Barrett Decl. ¶ 31. The Court concludes that these expenses are related to ENPH's suit to enforce the arbitral award and are reasonable costs. It will therefore also grant ENPH's request for a bill of costs.

It is therefore **ORDERED** that [54] Plaintiff's Motion for Attorneys' Fees and Nontaxable Expenses is GRANTED IN PART. The Court will award fees at the rate of $650/hour for 339.86 hours of legal work and $150/hour for 56.32 hours of paralegal work, resulting in a total of $229,357 in attorney's fees, and will also award $4,025.69 in costs.

    **SO ORDERED**.

CHRISTOPHER R. COOPER<br>United States District Judge

Date: November 2, 2017